UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES F. KITTERMAN,                                    09-CV-6294-TC

                    Plaintiff,

        v.                                        ORDER

STANDARD INSURANCE COMPANY and
STANDARD SELECT TRUST INSURANCE
PLANS,

                    Defendants.

COFFIN, Magistrate Judge:

## INTRODUCTION

This is an ERISA action in which plaintiff seeks to recover long term disability insurance benefits

under the terms of a group insurance plan issued by defendant Standard Insurance Company.

Presently before the court is defendants' motion (#17) for disqualification of plaintiff's counsel.

For the reasons stated below and at oral argument, the motion is denied.

Page 1 - ORDER

## DISCUSSION

Lori Metz has been assisting plaintiff's counsel in this case. In prior years she worked at the Bullivant Law Firm where she represented defendant Standard in disability benefits litigation. She also worked as an in-house attorney for Standard on an independent contractor basis in 2004 and 2005.

This court discussed Standard's arguments at length at oral argument and inquired about the materials it submitted in support of the motion. It appeared there was not an actual or likely conflict of interest, but the court allowed Standard further time to submit additional or more detailed material for in camera review. Standard did not provide any further materials for in camera review.

Based on the record before this court, Standard has not made an adequate showing of a conflict of interest or a likely conflict of interest or even an appearance of impropriety. In her time as an employee of Standard and the time Standard was one of her clients, Ms. Metz did not work on the particular policy at issue in the present case, i.e., the Kitterman policy, as opposed to insurance policies using the same general language, but issued to different insureds. The application of the limitation at issue here[1] is unique to each claimant and there is no indication that Metz worked on the Kitterman policy or that she had any particular knowledge, confidence or secrets that could injure

---

[1]Standard justified its termination of plaintiff Kitterman's benefits by asserting the applicability of a limitation in the Standard policy, which states:

> Mental Disorder: Payment it LTD Benefits is limited to 24 months for each period of Disability caused or contributed to by a Mental Disorder. However, if you are a resident patient in a hospital at the end of the 24 months, this limitation will not apply while you remain continuously confined.
> Mental Disorder means a mental, emotional, or behavioral disorder.

Standard other than general defense strategies that could be used in countless ERISA cases and such does not in itself create a conflict of interest. Accordingly, defendants' motion fails. See also, Olson v. Standard Insurance Company, 96 CV 774-MA (filed January 3, 1997).

## CONCLUSION

Defendants' motion ( #17) to disqualify counsel is denied.

DATED this **25** day of October, 2010.

THOMAS M. COFFIN
United States Magistrate Judge