FILED '11 APR 21 11:48 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES F. KITTERMAN, | 09-CV-6294-TC |
| Plaintiff, | |
| v. | AMENDED ORDER |
| STANDARD INSURANCE COMPANY and STANDARD SELECT TRUST INSURANCE PLANS, | |
| Defendants. | |

COFFIN, Magistrate Judge:

## INTRODUCTION

This Amended Order supercedes the previous Order(# 59 ) on this matter. It is virtually the same as the previous Order, but is filed in response to an oral motion by the parties to clarify the Conclusion herein with their stipulated language. The last line of the Conclusion of the previous Order has been altered and enlarged.

This is an ERISA action in which plaintiff seeks to recover long term disability insurance benefits under the terms of a group insurance plan ( the Plan) issued by defendant Standard

Page 1 - AMENDED ORDER

Insurance Company.

Presently before the court are the parties' cross-motions (#40 and #45) for summary judgment. For the reasons stated below and at oral argument, plaintiff has adequately demonstrated that he is entitled to prevail and receive additional benefits under the Plan.[1]

## BACKGROUND

Plaintiff Dr. Kitterman has a long history of migraines and depression. He made a claim for disability insurance benefits with defendant Standard Insurance Company and listed the causes for his inability to work as depression, migraines and anxiety (AR 292).

Standard provided plaintiff with monthly disability payments from March 2005 to March 2007, at which time Standard terminated plaintiff's benefits, asserting that the 24 month "Mental Disorder" limitation in plaintiff's policy applied to his claim. Such limitation provides:

> Mental Disorder: Payment of LTD Benefits is limited to 24 months for each period of Disability caused or contributed to by a Mental Disorder.

AR 126. "Mental Disorder means a mental, emotional or behavioral disorder." Id.

---

[1] The parties agree that this court reviews the denial of benefits decision in this action under a de novo standard as opposed to an abuse of discretion standard. Each of the parties contend that there are no genuine issues of material fact and that they are entitled to summary judgment based on the record. In the alternative, the parties also contemplated and noted the court's ability to have a de novo trial. Defendants contend that such a trial can be based on the current Administrative Record without further submissions or proceedings. Plaintiff has submitted additional declarations and materials for trial that defendants have moved to strike as unnecessary, irrelevant and redundant. The motion to strike is allowed. This court did not consider any additional materials in rendering its decision, rather, it determined that there may be factual issues and that even if there are not manifest factual issues present, it was most appropriate in the circumstances of this action to perform a de novo trial on the current Administrative Record (AR) without additional materials or proceedings.

Page 2 - AMENDED ORDER

Defendants maintain that the limitation applies and that "Standard properly concluded [that] Kitterman's depression is independently disabling and his migraines are a separate long-standing condition that is not disabling (AR 87-102)." P. 19 of Defendants' Memo in Opposition(#47).

## DISCUSSION

Defendants state:

> Dr. Kitterman now seeks summary judgment based on inapplicable cases finding that mental disorder limitations are ambiguous. There are two fatal flaws in Dr. Kitteman's argument. First, to find an ambiguity requires the Court to ignore the fact that Dr. Kitterman's major depression is disabling without regard to Dr. Kitterman's migraines and mistakenly treat this as a mixed-condition matter. Second, even if the limitation is ambiguous, that does not relieve the Court of its obligation to review the record and determine if Dr. Kitterman is in fact disabled under the Plan. That required review, however, compels only one result: Dr. Kitterman's depression is the sole basis for his inability to work and he has been paid all the benefits he is owed under the Plan.
> 
>   Accordingly, defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied and the Court grant Defendants' Cross-Motion for Summary Judgment, or alternatively, that the Court rule in defendant's favor via trial on the Administrative Record.

P. 2 of Defendants' Memo in Opposition ( #47).

Defendants' arguments are not persuasive. As discussed in more detail below, the Mental Disorder limitation of the Plan is ambiguous, this is a mixed-condition matter in that the record indicates that plaintiff's migraines are a cause of his depression , and the record indicates that

Page 3 - AMENDED ORDER

plaintiff is in fact disabled under the Plan. The limitation does not apply and plaintiff is entitled to more benefits. Furthermore, an additional reason for the benefits is the fact that the migraines are disabling in and of themselves.

<u>Limitation is ambiguous</u>

The Ninth Circuit Court of Appeals has addressed language similar to the Plan's language and found it ambiguous:

> The two-year limitation period in the Plan relates to disabilities 'caused or contributed to' by a mental disorder. Lang contends that because the record reflects that her disability was caused by a physical illness, fibromyalgia, the limitation does not apply. In its February 24 letter, however, Standard interpreted the term as referring to symptoms and not to causes. The Plan language presents an almost classic ambiguity.... Both <u>Kuhn</u> and <u>Phillips</u> considered a similar phrase, 'mental illness,' and held that it was ambiguous in that it could reasonably refer either to illnesses with non-physical causes, or to illness with physical causes, but exhibiting both physical and non-physical symptoms.
>
> ....
>
> Accordingly, we may construe the Plan in accordance with the rules normally applied to insurance policies. Ambiguities in ordinary insurance contracts are construed against the insurance company.... The rule, known as the doctrine of <u>contra proferentum</u>, requires us to adopt the reasonable interpretation advanced by Lang, i.e., that the phrase 'mental disorder' does not include 'mental' conditions resulting from 'physical' disorders.

<u>Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technolgy, Inc.</u>, 125 F.3d 794, 799 (9th Cir. 1997); <u>see also</u>, <u>Patterson v. Hughes Aircraft Co.</u>, 11 F.3d 948, 950 (9th Cir. 1993)(mental disorder limitation found ambiguous, resolved in plaintiff's favor by finding limitation does not apply

Page 4 - AMENDED ORDER

if mental disorder is either manifest by headaches though caused by depression , or caused by headaches but manifested by depression); Lamarco v. Cigna Corporation, 2000 WL 1456949 (N.D. Cal. 2000); Tupper v. Unum Life Insurance Co., 2006 WL 27209 (W. D. Wash. 2006); Perryman v. Provident Life, 690 F. Supp. 2d 917 (D. Ariz. 2010).

As previously stated, defendants contend that the Mental Disorder limitation in this case is not ambiguous. However, plaintiff only discusses one case in support which is from a District Court and is distinguishable. See Martinez v. Pacific Gas & Electric Company Long Term Disability Plan, 2006 WL 3349565 (E.D. Cal. 2006). In Martinez, a District Court Judge from the Eastern District of California rejected plaintiff's arguments of ambiguity. He noted that the case before him was factually distinguishable from Lang and Patterson because plaintiff in his case did not contend that her bi-polar disorder is the result or symptom of a physical disorder or condition. He also noted that the policy before him was unlike the insurance policy in Patterson in that it offered more in the way of definitions of disorders than the policy at issue in Patterson.

Similar to the Ninth Circuit Court of Appeals cases, and the other District Court cases arising in the Ninth Circuit, the Mental Disorder limitation of the Plan in the present case is ambiguous. As such, if plaintiff's migraines are a cause of his depression, the limitation does not apply and plaintiff is entitled to additional benefits.

<u>Plaintiff's migraines are a cause of his depression</u>

Three of plaintiff's doctors wrote letters to Standard after Standard sent plaintiff a notice stating that it intended to terminate plaintiff's disability benefits after two years based on the Mental

Page 5 - AMENDED ORDER

Disorder limitation.

On February 22, 2007, plaintiff's treating neurologist, Dr. Leonard [2], wrote:

> Mr. Kitterman has not one but two disabling conditions –his chronic refractory depression and his frequent recurrent migraine headaches–which wreaked havoc with his dermatology practice in past years. Despite our best therapeutic attempts, we have not been able to reign in the headaches. He currently carries a diagnosis of chronic daily migraine -greater than 15 days of migraine per month. Under almost any criteria that I know, this is disabling itself.

AR 810.

On March 5, 2007, plaintiff's treating psychiatrist Dr. Webb, wrote:

> Over the years, Dr. Kitterman struggled with severe migraines. The combination of migraine headaches and depression made it difficult for him to maintain his medical practice....
> As noted by Hubert Leonard, MD, in his letter of Febraury 22, 2007, Dr. Kitterman's migraines are severe enough to justify his inability to continue his practice as a physician. His struggle with his escalating depression was a consequence of his increasing inability to function as a physician. His identity is strongly connected to his being a physician. Now, as he is unable to be a doctor, his self-esteem, his identity as a physician, and his view of the future is significantly impaired.
> Let me be clear. The severity of Dr. Kitterman's depression is related to his inability to be a physician. The current severity of his depression is the result of his inability to continue with his chosen career. Despite aggressive treatment of his migraines, he continues to be impaired. This would be problematic even if he was not experiencing depression in response to the dramatic changes in his life.

Ar 652.

On March 26, 2007, plaintiff's primary care doctor, Dr. Jacobson, wrote:

> The patient is disabled primarily because of severe, unrelenting

---

[2] Defendants note that plaintiff did not see Dr. Leonard for his migraines for a period of time. However, plaintiff's primary care doctor, Dr. Jacobson, also met with plaintiff regarding his migraines and plaintiff was in telephone contact with Dr. Leonard who practices in a city 100 miles from plaintiff.

Page 6 - AMENDED ORDER

> migraine headaches. As a consequence of this, the patient cannot be reasonably employed in any full time work that would require any kind of attendance for any sustained period of time. Additionally, the patient has multiple other issues. The patient has had great difficulty with depression. This depression has been indeed made worse by his migraine headaches.

AR 653.

Defendant's largely rely on their medical consultant who reviewed plaintiff's medical records. However, neurologist Lawrence Ziven, MD, stated that plaintiff's headache quantifications are "not necessarily" correlated with the amounts previously reported. AR 474. Moreover, he only goes so far as stating that :

> Dr. Kitterman's disability remains predominately and in the majority in the realm of psychiatric dysfunction.

AR 474. Dr. Ziven does not come close to saying that plaintiff's disability was caused solely by a psychiatric dysfunction, and that his migraines played no role in his depression. Rather, by implication, Dr. Ziven appears to be stating that the disability is caused "in the majority" by psychiatric dysfunction, and , at least in some part, by headaches.

Defendants contend that the letters from plaintiff's treating doctors should be entitled to less weight as the letters were prepared specifically to support a finding of disability and the underlying medical records do not support them. However, as demonstrated by plaintiff, see p.p. 7-10 of Reply (#53) and Exhs. A and B attached thereto, the extensive underlying medical records do, when considered together, support the letters. Moreover, the letters are from doctors who treated plaintiff for several years and the opinions of treating doctors are entitled to more weight than the opinions of consulting doctors as treating doctors have had the opportunity to observe and get to know the patient as an individual. See generally, Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Smolen

Page 7 - AMENDED ORDER

v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

Defendants also emphasize that the record contains notes from one of defendants' claim analysts in which she writes that plaintiff told her in 2005 that he did not need to go on disability because of migraines. AR 275. However, plaintiff listed the causes for his inability to work on his claim form as migraines, depression and anxiety, and the claims analyst's notes also reflect that plaintiff said he had started a new drug for migraines that "has been very helpful." AR 275. Plaintiff had also hoped and intended in 2005 to return to work full-time, but that did not happen and the letters from plaintiff's treating doctors, which were written after the analyst's notes, indicate that plaintiff is unable to work due to his migraines and depression.

Plaintiff's migraines are disabling in and of themselves

In addition to the above findings and conclusions that demonstrate the inapplicability of the limitation and plaintiff's entitlement to additional benefits, the letters from plaintiff's treating doctors adequately establish that the migraines are disabling by themselves. Defendants have conceded that such a finding would entitle plaintiff to the requested additional benefits under the Plan.

All of defendants' other arguments in this action have been considered and found unpersuasive.

## CONCLUSION

Defendants' motion (#45) for summary judgment is denied. Plaintiff's motion (#40) for summary judgment is deemed a motion for trial and judgment on the Administrative Record and is allowed in the manner discussed above and plaintiff is entitled to additional benefits under the Plan. More specifically:

1.   Standard's claim decision is reversed.

2.   The parties shall meet and confer in an effort to reach a stipulation regarding the amount of benefits owed under the Plan, including consideration of any applicable offsets.

3.   By no later than May 6, 2011, the parties shall either submit a stipulation, or shall each submit an additional brief, not to exceed 5 pages (excluding any supporting declarations), addressing the amount of benefits owed under the Plan.

4.   The parties are encouraged to confer regarding the applicability of any prejudgment interest, and if applicable the appropriate amount, and the applicability of any attorneys' fees, and if applicable the appropriate amount. If the parties cannot reach agreement on these issues, plaintiff shall submit any motions regarding prejudgment interest and attorneys' fees by no later than May 6, 2011 and defendants shall have 11 days thereafter to respond.

DATED this 21 day of April, 2011.

THOMAS M. COFFIN
United States Magistrate Judge

Page 9 - AMENDED ORDER